UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

CHRISTIAN E. APONTE
and other similarly-situated individuals,

    Plaintiff(s),

v.

CK AT PLANTATION, LLC
d/b/a CHICKEN KITCHEN
and NINA LOPEZ, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, CHRISTIAN E. APONTE, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants CK AT PLANTATION, LLC d/b/a CHICKEN KITCHEN, and NINA LOPEZ, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CHRISTIAN E. APONTE is a resident of Broward County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant CK AT PLANTATION, LLC d/b/a CHICKEN KITCHEN (hereinafter CHICKEN KITCHEN, or Defendant) is a Florida corporation, having place of business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant NINA LOPEZ was and is now, the manager of Defendant Corporation CHICKEN KITCHEN. This individual Defendant had operational control of the business and is an employer within the meaning of 29 U.S.C. § 203(d).

5. All the action raised in this complaint took place in Broward County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CHRISTIAN E. APONTE to recover from Defendants half-time overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant CHICKEN KITCHEN is a grilled chicken restaurant chain. Plaintiff worked at the CHICKEN KITCHEN located at 6985 W. Broward Blvd., Plantation, FL 33317.

8. Defendants CHICKEN KITCHEN, and NINA LOPEZ employed Plaintiff CHRISTIAN E. APONTE as a non-exempt full time grill cook during two periods.

9. In his first period, Plaintiff worked from January 2013 to approximately August 27, 2014, or 38 weeks, for FLSA purposes. In this period, Plaintiff worked an average of 46 hours weekly and he was paid $8.50 an hour.

10. In his second period of employment, Plaintiff worked from approximately May 15, 2016, to November 10, 2016, or 26 weeks. In this period Plaintiff worked an average of 49 hours, and he was paid $9.00 an hour.

11. During all his relevant weeks of employment with Defendants, Plaintiff maintained a very irregular schedule, but he worked more than 40 hours every week. Plaintiff punched in and

out, but he was ordered to work off the clock when he reached 40 hours in a week. Plaintiff was paid with checks and paystubs showing 40 hours or less. The hours in excess of 40 that Plaintiff worked, were paid to Plaintiff in cash. Plaintiff was paid for all his worked hours, but at his regular rate.

12. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

13. Plaintiff complained to the manager of the business NINA LOPEZ on or about October 12, 2016. Plaintiff complained about missing overtime payment at the rate of time and a half his regular rate, for hours worked in excess of 40 every week. Defendant NINA LOPEZ refused to pay Plaintiff the correct rate for overtime hours, and as a result, the manager reduced Plaintiff's working hours to less than 40, or around 25 hours per week.

14. On or about November 10, 2016 manager NINA LOPEZ told Plaintiff that there was not work for him anymore, and that she would call him, if she needed his services.

15. Plaintiff states that his hours were reduced and subsequently he was fired, as retaliatory actions due to his demands to be paid overtime hours at the rate of time and a half his regular rate, as established by Federal law.

16. Plaintiff CHRISTIAN E. APONTE seeks to recover half-time overtime wages for every hour in excess of 40 that were never paid to him, retaliatory damages, and any other relief as allowable by law.

17. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of

time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

18. Plaintiff CHRISTIAN E. APONTE re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This cause of action is brought by Plaintiff CHRISTIAN E. APONTE as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2013, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

20. Defendant CHICKEN KITCHEN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a grilled chicken restaurant chain and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By

reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore there is FLSA enterprise coverage.

21. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

22. Defendants CHICKEN KITCHEN, and NINA LOPEZ employed Plaintiff CHRISTIAN E. APONTE as a non-exempt full time grill cook during two periods.

23. In his first period, Plaintiff worked from January 2013 to approximately August 27, 2014, or 38 weeks, for FLSA purposes. In this period, Plaintiff worked an average of 46 hours weekly and he was paid $8.50 an hour.

24. In his second period of employment, Plaintiff worked from approximately May 15, 2016, to November 10, 2016, or 26 weeks. In this period, Plaintiff worked an average of 49 hours, and he was paid $9.00 an hour.

25. During all his relevant weeks of employment with Defendants, Plaintiff maintained a very irregular schedule, but he worked more than 40 hours every week.

26. Plaintiff punched in and out, but he was ordered to work off the clock when he reached 40 hours. Plaintiff was paid with checks and paystubs showing 40 hours or less. The hours in excess of 40 were paid to Plaintiff in cash, at his regular rate. Plaintiff was paid for all his working hours, but at his regular rate.

27. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

28. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

29. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

30. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

31. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. Plaintiff did not work overtime hours the last 3 weeks of employment.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   One Thousand Nine Hundred Dollars and 50/100 ($1,900.50)

   b. <u>Calculation of such wages</u>:

   **1.- First Period from January 2013, to August 27, 2014**
   Relevant weeks of employment: 38 weeks
   Total hours worked: 46 hours weekly
   Total # of paid hours: 46 hours at regular rate
   Total overtime hours: 6 hours
   Hourly rate: $8.50 x 1.5 = $12.75 O/T rate
   O/T rate: $12.75 - $8.50 rate paid= $4.25 half-time

$4.25 half-time x 6 O/T hours=$25.50 weekly x 38 weeks=$969.00

**2.- Second Period from May 15, 2016, to November 10, 2016**
Total Weeks of employment: 26 weeks
Relevant weeks of employment:  23 weeks
Total hours worked:  49 hours weekly
Total # of paid hours: 49 hours at regular rate
Total overtime hours: 9 hours
Hourly rate:  $9.00 x 1.5 = $13.50 O/T rate
O/T rate:  $13.50 - $9.00 rate paid= $4.50 half-time

$4.50 half-time x 9 O/T hours=$40.50 weekly x 23 weeks=$931.50

 Total 1 and 2: $1,900.50

Nature of wages (e.g. overtime or straight time):

This amount represents unpaid half-time overtime wages.

32. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

33. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

34. At the times mentioned, individual Defendant NINA LOPEZ was the manager of CHICKEN KITCHEN.  Defendant NINA LOPEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29

U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CHICKEN KITCHEN in relation to its employees, including Plaintiff and others similarly situated. Defendant NINA LOPEZ had absolute operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

35. Defendants CHICKEN KITCHEN, and NINA LOPEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

36. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTIAN E. APONTE and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CHRISTIAN E. APONTE and other similarly-situated individuals and against the Defendants CHICKEN KITCHEN, and NINA LOPEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff CHRISTIAN E. APONTE actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CHRISTIAN E. APONTE demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

37. Plaintiff CHRISTIAN E. APONTE re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

38. Defendant CHICKEN KITCHEN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a grilled chicken restaurant chain and is engaged in interstate commerce. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

39. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods

and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

40. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

41. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

42. Defendants CHICKEN KITCHEN, and NINA LOPEZ employed Plaintiff CHRISTIAN E. APONTE as a non-exempt full time grill cook during two periods.

43. In his first period, Plaintiff worked from January 2013 to approximately August 27, 2014, or 38 weeks, for FLSA purposes. In this period, Plaintiff worked an average of 46 hours weekly and he was paid $8.50 an hour.

44. In his second period of employment, Plaintiff worked from approximately May 15, 2016, to November 10, 2016, or 26 weeks. In this period, Plaintiff worked an average of 49 hours, and he was paid $9.00 an hour.

45. During all his relevant weeks of employment with Defendants, Plaintiff worked more than 40 hours every week. Plaintiff punched in and out, but he was ordered to work off the clock when he reached 40 hours in a week. Plaintiff was paid with checks and paystubs showing 40 hours or less. The hours in excess of 40 that Plaintiff worked, were paid to him in cash. Plaintiff was paid for all his working hours, but at his regular rate.

46. Therefore, Defendants willfully failed to pay Plaintiff overtime at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

47. Plaintiff complained to the manager of the business NINA LOPEZ on or about August 12, 2016. Plaintiff demanded to be paid overtime hours at the rate of one time and a half his regular rate. Plaintiff complained again on or about September 16, 2016 about the same issue.

48. On or about October 12, 2016, Plaintiff complained again to the manager NINA LOPEZ about missing overtime payment at the rate of time and a half his regular rate. This time Defendant NINA LOPEZ refused to pay Plaintiff at the correct rate for overtime hours.

49. These complaints constituted protected activity under the Fair Labor Standards Act.

50. As a result of Plaintiff's complaints, the manager NINA LOPEZ reduced Plaintiff's working hours to less than 40, or around 25 hours per week.

51. On or about November 10, 2016 Plaintiff was fired. Manager NINA LOPEZ told Plaintiff that there was not work for him anymore, and that she would call him if she needed his services.

52. At all time during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

53. Plaintiff states that his working hours were reduced to about 25 weekly and then he was fired as retaliatory actions, due to his demands to be paid overtime hours at the rate of time and a half his regular rate as established by Federal law.

54. There is closed proximity between Plaintiff's last protected activity on or about October 12, 2016, and the reduction of his hours and the date of his termination.

55. At the times mentioned, individual Defendant NINA LOPEZ was the manager of CHICKEN KITCHEN.  Defendant NINA LOPEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of CHICKEN KITCHEN in relation to its employees, including Plaintiff and others similarly situated. Defendant NINA LOPEZ had absolute operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly liable for Plaintiff's damages.

56. Defendants CHICKEN KITCHEN, and NINA LOPEZ willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above, and then retaliated against Plaintiff by reducing his working hours and then by firing him.

57. The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for his complaint for overtime wages.

58. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

59. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CHRISTIAN E. APONTE respectfully requests that this Honorable Court:

   A.  Issue a declaratory judgment that Defendants' acts, policies, practices and procedures

   complained of herein violated provisions of the Fair Labor Standards Act;

 B. Enter judgment against Defendants CHICKEN KITCHEN, and NINA LOPEZ Plaintiff CHRISTIAN E. APONTE recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

 C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

 D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

 E. Plaintiff CHRISTIAN E. APONTE further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff CHRISTIAN E. APONTE demands trial by jury of all issues triable as of right by jury.

Dated:  January 4, 2017

           Respectfully submitted

           By:  **/s/ Zandro E. Palma**
           ZANDRO E. PALMA, P.A.
           Florida Bar No.: 0024031
           9100 S. Dadeland Blvd.
           Suite 1500
           Miami, FL 33156
           Telephone: (305) 446-1500
           Facsimile:  (305) 446-1502
           zep@thepalmalawgroup.com
           *Attorney for Plaintiff*